UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARIE ARNOLD,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>TARGET CORPORATON,<br><br>　　　　　　　　　　　Defendant. | Case No. 2:19-cv-1090-KJD-VCF<br><br>ORDER |

Presently before the Court is Plaintiff's Motion for Summary Judgment (#34). Defendant filed a response in opposition (#36) to which Plaintiff replied (#38). Also, before the Court is Defendant's Motion for Summary Judgment (#39). Though the time for doing so has passed, Plaintiff failed to file a response in opposition to Defendant's motion.[1]

I. Facts

On March 19, 2019, Plaintiff was shopping at Target located at 9725 S. Eastern Avenue, Henderson, Nevada. She was in the furniture section looking for a desk. Plaintiff was admittedly rushing trying to get in and out of the store quickly. Locating the desk that she liked, Plaintiff, thinking that the desk looked "light weight", grabbed the desk (unassembled in a box) to place it in her shopping cart ignoring the bright yellow sticker that warned Plaintiff not to lift the box on her own.

Plaintiff did not seek assistance because she did not want to wait. Plaintiff asserts that she dropped the desk because it was "improperly stacked" and weighed over one hundred pounds. Plaintiff has not adduced any other evidence of the weight of the desk or evidence that the boxes were negligently or improperly stacked. It appears undisputed that the desk, in fact, weighed

---

[1] Plaintiff has also filed a Motion to Compel Arbitration (#31). However, arbitration is a contract right and there is no alleged contract at issue in this case. See Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 (1967). Therefore, the Court denies the motion to compel arbitration.

forty-three pounds.

She noticed the box was heavy as she began to remove it from the shelf. However, she lost her grip on the box and it fell, striking Plaintiff on her stomach and knee. She found a different box, placed it in her shopping cart, purchased it and left the store. Later that day, Plaintiff visited the hospital for treatment of injuries that she asserts she sustained when the box fell on her. A scan was done of her abdomen and she accrued bills for the visit that totaled approximately $1,900.00. Plaintiff then filed the present action asserting a single claim for negligence.

II. Standard for Summary Judment

Summary judgment is appropriate when the pleadings, discovery responses, and affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). For summary judgment purposes, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Kaiser Cement Corp. v. Fishbach & Moore, Inc., 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the initial burden of showing that there are no genuine issues of material fact for trial. It can do this by: (1) presenting evidence to negate an essential element of the nonmoving party's case; or (2) demonstrating the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. See Celotex, 477 U.S. at 323–325.

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). To establish the existence of a genuine dispute of material fact, it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T. W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). But the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Bank of Am. v. Orr, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations

omitted). It "must produce specific evidence, through affidavits or admissible discovery material, to show" a sufficient evidentiary basis on which a reasonable fact finder could find in its favor. Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–249 (1986).

III. Analysis

Both parties have moved for summary judgment on Plaintiff's claim for negligence. To prevail on a traditional negligence theory, a plaintiff must demonstrate that "(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) the breach was the legal cause of the plaintiff's injuries, and (4) the plaintiff suffered damages." DeBoer v. Sr. Bridges of Sparks Fam. Hosp., 282 P.3d 727, 732 (Nev. 2012). Courts often are reluctant to grant summary judgment in negligence actions because whether a defendant was negligent is generally a question of fact for the jury to resolve. Harrington v. Syufy Enters., 931 P.2d 1378, 1380 (Nev. 1997). However, summary judgment is proper when the plaintiff cannot recover as a matter of law. Butler v. Bayer, 168 P.3d 1055, 1063 (Nev. 2007). To establish entitlement to judgment as a matter of law, Target must negate at least one of the elements of negligence. Harrington, 931 P.2d at 1380. Whether Target owed a duty to Arnold is a question of law. See Foster v. Costco Wholesale Corp., 291 P.3d 150, 153 (Nev. 2012).

Clearly, Target owed a duty to Plaintiff. However, Target argues that the open and obvious nature of the danger obviates liability in this case citing Gunlock v. New Frontier Hotel Corp., 370 P.2d 682, 684 (Nev. 1962). However, Gunlock has been abrogated by Foster which adopts the Restatement (Third) of Torts: Physical and Emotional Harm § 51 (2012):

> [A] land possessor owes a duty of reasonable care to entrants on the land with regard to:
>
> (a) conduct by the land possessor that creates risks to entrants on the land;
>
> (b) artificial conditions on the land that pose risks to entrants on the land;
>
> (c) natural conditions on the land that pose risks to entrants on the land; and
>
> (d) other risks to entrants on the land when any of the affirmative duties ... is applicable.

1  Foster, 291 P.3d 150, 155. Thus, landowners bear a general duty of reasonable care to all
2  entrants, regardless of the open and obvious nature of dangerous conditions. Id. at 156. The
3  "duty issue must be analyzed with regard to foreseeability and gravity of harm, and the
4  feasibility and availability of alternative conduct that would have prevented the harm." Coln v.
5  City of Savannah, 966 S.W.2d 34, 43 (Tenn. 1998), overruled on other grounds by Cross v. City
6  of Memphis, 20 S.W.3d 642, 644 (Tenn. 2000); see Restatement (Third) of Torts: Phys. & Emot.
7  Harm § 51 cmt. i (2012).

Here, Target has amply demonstrated, without response by Plaintiff, that it took reasonable care by placing a warning label on the box and requiring assistance in lifting the box from the shelf. Here, Plaintiff could have raised a genuine issue of material fact if she had done anything to controvert Target's reasonable care, such as point out distracting displays, a history of accidents lifting boxes of this type, or expert testimony demonstrating that boxes were negligently stacked. See Foster at 156 (citing Restatement (Second) of Torts § 343A cmt. f (1965) and Restatement (Third) of Torts: Phys. & Emot. Harm § 51 cmt. k (2012)). Instead, Plaintiff avers in her complaint and motion for summary judgment that she ignored the warnings because she was in a hurry. Therefore, Plaintiff has failed to raise at least a genuine issue of material fact about whether Defendant failed to exercise reasonable care or Plaintiff would have proceed with lifting the box when being warned of an obvious danger. See Id. Accordingly, Defendant's motion for summary judgment is granted and Plaintiff's is denied.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (#34) is **DENIED**;

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (#39) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel Arbitration (#31) is **DENIED**;

///

///

IT IS FINALLY ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendant and against Plaintiff.

Dated this 29th day of September 2020.

_____
Kent J. Dawson
United States District Judge